

U.S. Department of Justice

United States Attorney
District of New Jersey

---

970 Broad Street, Suite 700  973/645-2700
Newark, NJ 07102

Malagold/PL AGR
2007R00793

January 4, 2009

Michael Calabro, Esq.
466 Bloomfield Avenue
Suite 200
Newark, NJ 07107

Re: <u>Plea Agreement with Louis Luyten</u>

Dear Counsel:

This letter sets forth the plea agreement between your client, Louis Luyten, and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until January 31, 2010, and if a guilty plea consistent with this agreement is not entered in federal court by that date, this offer will expire.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Louis Luyten to a one-count Information which will charge him with conspiracy to distribute five hundred grams or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), in violation of 21 U.S.C. § 846. If Louis Luyten (1) enters a guilty plea and is sentenced on this charge, (2) at the time of entry of his guilty plea allocutes under oath to the culpability of his co-defendant, and (3) otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Louis Luyten for the conduct described in the complaint, Mag. No. 09-3536(MF). However, in the event that a guilty plea is not entered in this matter or for any reason the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Louis Luyten may be commenced against him, notwithstanding the expiration of the limitations period after Louis Luyten signs the agreement. Louis Luyten agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Louis Luyten signs the agreement.

Sentencing

The violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(B) charged in the Information to which Louis Luyten agrees to plead guilty carries a statutory maximum prison sentence of forty years, a statutory mandatory minimum of five years and a statutory maximum fine equal to the greatest of: (1) $2,000,000 or (2) twice the gross profits or other proceeds to Louis Luyten. See 21 U.S.C. §§ 841(b)(1)(B) and 855. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Louis Luyten is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Louis Luyten ultimately will receive.

Further, in addition to imposing any other penalty on Louis Luyten, the sentencing judge: (1) will order Louis Luyten to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Louis Luyten to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Louis Luyten, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense (4) may deny Louis Luyten certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; (5) must order forfeiture pursuant to 21 U.S.C. § 853; and (6) pursuant to 21 U.S.C. § 841 must require Louis Luyten to serve a term of supervised release of at least four years, which will begin at the expiration of any term of imprisonment imposed. Should Louis Luyten be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Louis Luyten may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Louis Luyten by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation

Office of: (1) this agreement; and (2) the full nature and extent of Louis Luyten's activities and relevant conduct with respect to this case.

Forfeiture and Abandonment

Defendant Louis Luyten agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853(a)(2) he will forfeit to the United States and abandon any right, title or interest in (1) 1959 Piper Apache, Model No. PA-23-160, Tail Number N4297P, Serial Number 23-1797, Fixed Wing Multi-Engine Aircraft and (2) 1978 Piper Cherokee, Model No. PA-28-161, Tail Number N9480C, Serial Number 28-7816480, Fixed Wing Single-Engine Aircraft (hereinafter "forfeited property"). It is agreed that the forfeited property was used or was intended to be used, in any manner or part, to commit, or to facilitate violations of Title 21, United States Code, Section 841(a)(1) and therefore is subject to forfeiture. Defendant Louis Luyten further agrees that he transferred interest in the property to Timothy Machon, who is a nominee or straw owner.

With respect to the forfeiture of any property, Defendant Louis Luyten waives any and all challenges (including direct appeal, habeas corpus, or any other challanges) in any court or other proceeding, whether criminal or civil, state or federal. Defendant Louis Luyten consents to the entry of an order of forfeiture for any such property and waives any deadline under Title 18, United States Code, Section 983 and the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of forfeiture at sentencing and incorporation of the forfeiture in the judgment. Defendant Louis Luyten further acknowledges that he understands that the forfeiture of the forfeited property is part of the sentence that may be imposed in this case and waives any failure of the court to advise him of this at the time his guilty plea is accepted.

Defendant Louis Luyten hereby waives any claim that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eight Amendment of the United States Constitution. Defendant Louis Luyten agrees to take all steps as required by the Government to pass clear title to any forfeitable assets to the United States and to testify truthfully in any judicial or administrative proceeding, as required by the Government. Finally, this agreement on the part of Louis Luyten to forfeit to the government shall in no way prevent the sentencing judge from ordering restitution and/or imposing a fine, if the judge decides to do so in his or her discretion.

Defendant Louis Luyten agrees to sign and execute the attached consent order of preliminary forfeiture, attached hereto as Schedule A.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

Louis Luyten understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on the immigration consequences of his guilty plea, conviction, or sentence.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Louis Luyten. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and immigration authorities), or any third party from initiating or prosecuting any civil or administrative proceeding (including a deportation proceeding) against Louis Luyten.

No Other Promises

This agreement constitutes the plea agreement between Louis Luyten and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: DAVID E. MALAGOLD
Assistant U.S. Attorney

APPROVED:

_/s/ V. G. O'Malley_
V. GRADY O'MALLEY
Chief, Strike Force

    I have received this letter from my attorney, Michael Calabro, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_/s/ Louis Luyten_      Date: 1/27/2010
Louis Luyten

_/s/ Michael Calabro_      Date: 1/27/10
Michael Calabro, Esq.

## CONSENT ORDER OF FORFEITURE

## SCHEDULE A

PAUL J. FISHMAN  
United States Attorney  
BY: DAVID MALAGOLD  
Assistant United States Attorney  
970 Broad Street, Suite 700  
Newark, New Jersey 07102  
(973) 645-6103  

                                    UNITED STATES DISTRICT COURT  
                                    DISTRICT OF NEW JERSEY  

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon.                    , U.S.D.J. |
| *Plaintiff,* | : | Criminal No. 09- |
| v. | : | **CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE** |
| LOUIS LUYTEN | : | |
| *Defendant.* | : | |

        **WHEREAS,** on _____2-16-10_____, the United States filed an Information, Criminal No. 09- , against the Defendant, Louis Luyten, charging him with a violation of Title 21, United States Code, Section 846; and

        **WHEREAS,** on _____2-16-10_____, the Defendant, Louis Luyten pled guilty to the one-count Information; and

        **WHEREAS,** pursuant to Title 21 United States Code, Section 853(a)(2) any property used or intended to be used, in any manner or part, to commit, or to facilitate violations of Title 21, United States Code, 846 shall be forfeitable; and

        **WHEREAS,** by virtue of the above, the United States is now entitled to possession of (1) one 1959 Piper Apache, Model No. PA-23-160, Tail Number N4297P, Serial Number 23-1797,

Fixed Wing Multi-Engine Aircraft and (2) one 1978 Piper Cherokee, Model No. PA-28-161, Tail Number N9480C, Serial Number 28-7816480, Fixed Wing Single-Engine Aircraft (hereinafter "the Property") because it represents property used or intended to be used, in any manner or part, to commit, or to facilitate violations of Title 21, United States Code, Section 846:

**WHEREAS**, Defendant Louis Luyten acknowledges that the property represents property used or intended to be used, in any manner or part, to commit, or to facilitate violations of Title 21, United States Code, Section 846 as set forth in the Information, and that the Property is therefore subject to forfeiture to the United States pursuant to Title 21 United States Code, Section 853(a)(2). The Defendant, Louis Luyten, waives all interests in and claims to the Property described above, and hereby consents to the forfeiture of the Property to the United States. The Defendant, Louis Luyten, agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Property. The Defendant, Louis Luyten, waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction. The Defendant, Louis Luyten, acknowledges that he understands that forfeiture of the Property will be part of the sentence imposed upon the Defendant in this case and waives any failure by the Court to advise Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing. The Defendant, Louis Luyten, hereby waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure,

3

forfeiture, and disposal of the Property described above. Defendant waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

**THAT** the property, namely (1) one 1959 Piper Apache, Model No. PA-23-160, Tail Number N4297P, Serial Number 23-1797, Fixed Wing Multi-Engine Aircraft and and (2) one 1978 Piper Cherokee, Model No. PA-28-161, Tail Number N9480C, Serial Number 28-7816480, Fixed Wing Single-Engine Aircraft, is hereby forfeited to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853; and

**THAT** pursuant to Title 21, United States Code, Section 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and of its intent to dispose of the property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days; and

**THAT** pursuant to Title 21, United States Code, Section 853(n)(2), any person, other than the Defendant, asserting a legal interest in any of the above-listed forfeited property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and

**THAT** pursuant to Title 21 United States Code, Section 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the

petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT** the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**THAT** the aforementioned forfeited property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States; and

**THAT** upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

**ORDERED** this  16th  day of

_____
Honorable
United States District Judge

5

The Undersigned hereby consent
to the entry and form of this
Consent Judgment and Order of Forfeiture:

PAUL J. FISHMAN
United States Attorney

_____  Dated: 2-16-10
DAVID MALAGOLD
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102


_____  Dated: 1/27/10
MICHAEL CALABRO, Esq.
Counsel for the Defendant
Louis Luyten


_____  Dated: 1/27/2010
LUIS LUYTEN
Defendant

6